■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TITUS HALTEMAN, Appellant. [64 NYS3d 519]—

Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered August 18, 2011, convicting defendant,

after a jury trial, of sexual abuse in the first degree, and sentencing him to a term of two years, unanimously modified, as an exercise of discretion in the interest of justice, to reduce the prison component of the sentence to 364 days, and otherwise affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations.

The verdict was not legally repugnant, and the court properly denied defendant's application to resubmit the case to the jury for further deliberations. Under the court's charge, the jury could have found defendant guilty of first-degree sexual abuse but not guilty of first-degree rape (*see People v Muhammad*, 17 NY3d 532, 540 [2011]). The court followed the statutory definitions in charging the jury that rape required penetration, while sexual abuse only required touching. Even though, at defendant's request, the court gave the jury a dictionary definition of the vagina, it never instructed the jury that a touching of the victim's vagina by defendant's penis would necessarily constitute penetration. This remained a factual question, which the jury apparently resolved by finding a touching, but not a penetration.

We find, however, that defendant's sentence was excessive to the extent indicated and modify accordingly. Concur—Renwick, J.P., Manzanet-Daniels, Mazzarelli, Kahn and Moulton, JJ.